**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JAN 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGEL HERNANDEZ-VASQUEZ<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-136<br><br>Agency No. A206-270-955<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2024[**]
Pasadena, California

Before: Richard C. Tallman and Mark J. Bennett, Circuit Judges, and Robert S. Lasnik, District Judge[***]

Angel Hernandez-Vasquez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal. The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

22-136

Board adopted and affirmed the Immigration Judge's ("IJ") adverse credibility finding and denial of Hernandez-Vasquez's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The IJ's adverse credibility determination is supported by substantial evidence. *See Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021). We will not disturb an adverse credibility determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." *See Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022); 8 U.S.C. § 1252(b)(4)(B). Here, both the IJ and the BIA reviewed the totality of Hernandez-Vasquez's circumstances in their decisions, and the IJ identified specific instances in the record supporting the adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010).

The IJ highlighted that Hernandez-Vasquez "repeatedly testified falsely under oath before immigration officers," stating that "he was a citizen of Mexico and did not fear any return to his country." Hernandez-Vasquez does not dispute his dishonesty but instead argues that these statements should not weigh against his credibility as they were made while he was detained by immigration officials and in a "position of extreme vulnerability" where he feared being deported. But when

2

asked about this false testimony during his removal hearing and if he had ever lied to a United States immigration official, Hernandez-Vasquez answered, "[u]p to now, I've never lied. I've never said a lie." The IJ's reliance on Hernandez-Vasquez's pattern of dishonesty to immigration officials, and then to the Court, is supported by the record.

Moreover, the IJ's adverse credibility finding also relied on inconsistencies in Hernandez-Vasquez's testimony, including: 1) the date his friend Onofre was killed, which changed from April to August 2013; 2) the extent of the police interrogation after he reported a threat; and 3) whether a threatening call he received was from the Salas family, who stated they murdered his friend for revenge, or, as he stated in his asylum declaration, it was actually an unknown caller who threatened his life. Hernandez-Vasquez argues that these inconsistencies are "*de minimis*" and that the IJ erred in focusing on minor details that do not go to the heart of his claim. However, under the REAL-ID Act statutory standard, an adverse credibility finding may be based on inconsistencies "regardless of whether they go to the 'heart' of a petitioner's claim," as long as they are considered under the totality of the circumstances. *See Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010) (citations omitted).

Here, Hernandez-Vasquez's inconsistencies are directly relevant to his asylum and CAT claims, as they bring into question his very reasons for fleeing

3

Guatemala and whether his persecution occurred with the consent or acquiescence of the State. *See* 8 C.F.R. § 1208.16(c). Moreover, the inconsistencies in Hernandez-Vasquez's story specifically cited by the IJ corroborate his history of misleading the United States government to obtain immigration benefits—further supporting the IJ's adverse credibility determination. *See Shrestha*, 590 F.3d at 1039–48. In light of this record, we find the BIA did not err as the IJ's adverse credibility determination is supported by substantial evidence.

Accordingly, Hernandez-Vasquez fails to carry his burden to show entitlement to any relief on his applications for asylum, withholding of removal, and protection under CAT.

**PETITION DENIED**.